UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY LASHEEN GOMEZ                                                              PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:11CV297-RHW

MELVIN T. BRISOLARA et al                                                       DEFENDANTS

## MEMORANDUM OPINION & ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint. The Court conducted a screening hearing on March 8, 2012, pursuant to 28 U.S.C. § 1915A. The parties consented to the jurisdiction of the undersigned. All of the named Defendants have filed or joined in one or more of four pending dispositive motions. Plaintiff Anthony Lasheen Gomez has not filed a response in opposition to any of the motions. Before the Court are the following dispositive motions: [26] Motion for Summary Judgment filed by Health Assurance LLC and Roxanne Scruggs; [31] Motion for Summary Judgment filed by Melvin T. Brisolara, Donald A. Cabana, Wendy Lipps, Phil Taylor, and Deborah Whittle; [37] Motion to Dismiss or for Summary Judgment filed by High Cotton Food Services and Jeff Waggle; and [41] Second Motion for Summary Judgment filed by Health Assurance LLC and Roxanne Scruggs.

At the time of the incident described in Plaintiff's complaint, he was a pre-trial detainee at Harrison County Adult Detention Center (HCADC). Plaintiff alleged that on March 9, 2011, Defendant Jeff Waggle, an employee of Defendant High Cotton Food Services, called Plaintiff a "snitch". Plaintiff alleges that as a result he was involved in an altercation with other inmates later that day. During the fight, Plaintiff injured the middle finger on his right hand. He filled

out a medical request form on March 10, 2011, and was examined by medical personnel the next day.

According to Plaintiff's jail medical records, he submitted a medical request form in which he indicated that he may have broken the middle finger on his right hand; however, he did not attribute any cause to the injury. Dr. Sanjay Chaube and Nurse Kenissia Clark examined Plaintiff's injured finger on March 11, 2011. The examination notes are also silent as to the cause of Plaintiff's injured finger. The doctor prescribed antibiotics, though Plaintiff stated at the screening hearing that he did not know if the antibiotics were for treatment of his injured finger or for treatment of stomach ulcers. Plaintiff also testified at the hearing that on March 12, 2011, he began receiving Tylenol from medical staff in the morning and evening for his injured finger. Plaintiff returned to the medical department on March 15, 2011, at which time he was examined by Defendant Nurse Roxanne Scruggs. According to Plaintiff, the pain and swelling in his finger resolved itself after about three weeks, though Plaintiff testified that he still could not bend the finger. Plaintiff also testified that he has not ever requested medical treatment based on the fact that he cannot bend his finger.

## Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial." *See*

*Celotex,* 477 U.S. at 323 (quoting *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992)). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984). The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The moving party accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

Defendants assert that Plaintiff failed to exhaust his administrative remedies. Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to § 1983. *Wright v. Hollingsworth*, 260 F. 3d 357 (5th Cir. 2001). As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The Fifth Circuit takes a "strict approach to the exhaustion requirement." *Days*, 322 F.

3

3d at 866. However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *Id.* Dismissal under § 1997e is made on pleadings without proof. *Id.* Plaintiff must allege exhaustion with sufficient specificity. *Id.*

Defendants have presented undisputed summary judgment evidence that Plaintiff did not file any grievance relating to the incident that injured his finger or relating to the alleged inadequate treatment of the injury. The HCADC provides a grievance procedure for inmates. According to the affidavit of Wendy Lipps, the grievance officer at HCADC, Plaintiff has filed numerous grievances but none of them refer to the incident of March 9, 2011, or subsequent treatment to his injured finger. Plaintiff did file a medical request form that referred to his injured middle finger; however, Defendants have presented summary judgment evidence establishing the absence of a material fact regarding Plaintiff's exhaustion of administrative remedies. Specifically, Plaintiff failed to pursue his claims through the jail's grievance system; therefore, his claims are barred.

Assuming arguendo that Plaintiff has exhausted his administrative remedies, his claims nevertheless fail on the merits. Plaintiff makes essentially two claims: (1) that Defendants Jeff Waggle and High Cotton Food Services caused Plaintiff to be attacked by other inmates when Waggle allegedly referred to Plaintiff as a "snitch"; and (2) that Defendants failed to provide constitutionally adequate medical care for Plaintiff's injured finger that resulted from the inmate attack.

In his complaint, Plaintiff alleges that Waggle, who was an employee of High Cotton Food Services, said "snitch" to Plaintiff within the hearing of other inmates. According to Plaintiff's testimony, Waggle only said the one word and said it "with a cough". Later that same

4

day, two fellow inmates attacked Plaintiff and indicated that they did so because Waggle had labeled Plaintiff a "snitch". As a threshold matter, Plaintiff has failed to allege that Waggle was a state actor. Waggle was not an employee of HCADC nor any state entity. Rather, as indicated in Plaintiff's testimony, Waggle was an employee of High Cotton Food Services, a private company that was under contract to provide food services to HCADC.

Mere private conduct, no matter how discriminatory or wrongful, is excluded from the reach of § 1983. *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003). Plaintiff has not alleged the required nexus between Waggle's conduct and HCADC. *See Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549-50 (5th Cir. 2005); *see also Blum v. Yatesky*, 457 U.S. 991, 1004 (1982)("[a]cts of private contractors do not become acts of the State simply because they are performing public contracts."). Because Plaintiff fails to allege that Waggle was a state actor, or "acting under color of state law", when he allegedly referred to Plaintiff as a "snitch", Plaintiff has failed to state a cause of action against Waggle under § 1983. Because Waggle's conduct does not implicate § 1983, there is by extension no liability to his employer High Cotton Food Services. To the extent that Plaintiff sues High Cotton Food Services merely because it employed Waggle, there is no cause of action under § 1983 based on a theory of *respondeat superior*. *See Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the

official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

It is undisputed that Plaintiff filled out a medical request form on March 10, 2011–the day after the alleged assault. In this request, he mentioned the injury to his finger. It also is undisputed that Dr. Chaube and Nurse Scruggs examined Plaintiff on March 11, 2011, based in part on the injury to his finger. Plaintiff testified that on March 12, 2011, he began receiving Tylenol for the pain and swelling in his finger. He also received antibiotics, though Plaintiff was not certain whether the antibiotics were for treatment of the finger. Plaintiff testified that the pain in his finger resolved itself in approximately three weeks. A review of Plaintiff's medical request forms reveals that he did not submit any requests based on his injured finger other than the March 10, 2011, request.

Based on the foregoing, the Court concludes that Plaintiff received constitutionally adequate medical care for his injured finger. He was examined shortly after he brought the injury to the attention of medical staff. He received Tylenol for the pain and swelling. The injury resolved itself within three weeks. He did not submit any further requests for medical treatment of his injured finger. Although Plaintiff may disagree with the type and extent of the treatment, he has failed to demonstrate that the care was constitutionally inadequate.

In conclusion, the Court finds that Defendants' motions to dismiss and for summary judgment should be granted. As the summary judgment evidence demonstrates, Plaintiff failed

to exhaust his administrative remedies by failing to file an inmate grievance regarding any of the causes of action in this lawsuit. Moreover, the claims in Plaintiff's complaint either fail to state a constitutional cause of action or fail to demonstrate a genuine issue of fact.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [26, 31, 37, 41] Motions are GRANTED, and Plaintiff's complaint is dismissed without prejudice for failure to exhaust, or in the alternative, is dismissed with prejudice on the merits.

SO ORDERED, this the 15th day of August, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE